No. 22-1160

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

IDEAHUB, INC.,

*Appellant,*

v.

UNIFIED PATENTS, LLC,

*Appellee.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board, *Inter Partes* Review No. 2020-00702

## REPLY BRIEF OF APPELLANT
## IDEAHUB, INC.

Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Blvd., Suite 2170
Los Angeles, CA 90025
Telephone: (310) 975-7074
Facsimile: (844) 975-7074

*Counsel for Appellant*

## CERTIFICATE OF INTEREST

Counsel for Ideahub, Inc. certifies the following:

1.    The full name of every party represented by me is: Ideahub, Inc.

2.    The name of the real party in interest represented by me is: Access Advance LLC.

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are: none.

4.    The names of all law firms and the partners or associates who appeared for Appellant before the United States Patent and Trademark Office, or are expected to appear in this Court (and who have not or will not enter an appearance in this case), are: William H. Mandir, Fadi Kiblawi, and John R. Rabena of Sughrue Mion, PLLC; Andrew M. Mason, Joseph T. Jakubek, Kyle B. Rinehart, and Darrell C. Henderson of Klarquist Sparkman, LLP.

5.    The following cases could affect or be affected by this appeal: none.

6.    Counsel has no information to provide pursuant to Rule 47.4(a)(6) and 26.1(b) and (c) as this is not a criminal or bankruptcy case.

Dated:  July 8, 2022          By:          */s/ Kayvan B. Noroozi*
                                             Kayvan B. Noroozi

i

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

I.    The Board's decision of unpatentability lacks substantial evidence in view of Unified's position as to limitation 1.1 ............................................... 4

II.   The Board's decision constitutes an abuse of discretion because it relies on a theory of unpatentability never set forth in the Petition ............... 9

III.  Unified identifies no substantial evidence to support the Board's finding that Kalevo teaches or suggests "*using . . . mathematical expressions*" .................................................................................................. 18

IV.   The Board's decision as to the proposed amended claims cannot stand...... 21

CONCLUSION ................................................................................................... 25

## TABLE OF AUTHORITIES

**Cases**

*Acceleration Bay, LLC v. Activision Blizzard, Inc.*,

    908 F.3d 765 (Fed. Cir. 2018).............................................................. 9, 15

*AMC Multi-Cinema, Inc. v. Fall Line Patents, LLC*,

    2021 U.S. App. LEXIS 29547 (Fed. Cir. Sep. 30, 2021) ........................ 3, 9, 15

*ANR Storage Co. v. FERC*,

    904 F.3d 1020 (D.C. Cir. 2018) ............................................................... 8

*Apple Inc. v. Andrea Elecs. Corp.*,

    949 F.3d 697 (Fed. Cir. 2020)................................................................ 14

*Baker Hughes Oilfield Operations, LLC v. Hirshfeld*,

    No. 2020-1932, 2021 U.S. App. LEXIS 27816 (Fed. Cir. Sep. 16, 2021) ......... 24

*Belden Inc. v. Berk-Tek LLC*,

    805 F.3d 1064 (Fed. Cir. 2015)............................................................... 15

*Chamberlain Group, Inc. v. One World Techs., Inc.*,

    944 F.3d 919 (Fed. Cir. 2019)................................................................ 14

*Dell Inc. v. Acceleron, LLC*,

    884 F.3d 1364 (Fed. Cir. 2018)............................................................... 9

*Everstar Merch. Co. v. Willis Elec. Co.*,

    2022 U.S. App. LEXIS 9716 (Fed. Cir. April 12, 2022) ................................ 12

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,

    64 F.3d 1553 (Fed. Cir. 1995)................................................................ 22

*Henny Penny Corp. v. Frymaster LLC*,

    938 F.3d 1324 (Fed. Cir. 2019)............................................................... 9, 15

*IBG LLC v. Trading Techs. Int'l, Inc.*,

    757 F. App'x 1004 (Fed. Cir. 2019) ........................................................ 8

*Johns Hopkins Univ. v. CellPro*,

    152 F.3d 1342 (Fed. Cir. 1998)............................................................... 22

*Kan. City v. Dep't of Hous. & Urban Dev*,

iii

923 F.2d 188 (D.C. Cir. 1991) ............................................................ 8

*Kingston Tech. Co. v. SPEX Techs., Inc.*,

   798 F. App'x 629 (Fed. Cir. 2020) ...................................................... 9

*Medrad, Inc. v. MRI Devices Corp.*,

   401 F.3d 1313 (Fed. Cir. 2005)......................................................... 21

*MModal LLC v. Nuance Communs., Inc.*,

   846 F. App'x 900 (Fed. Cir. 2021) ................................................. 9, 15

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*,

   463 U.S. 29 (1983) ............................................................................ 7

*Qiagen N. Am. Holdings, Inc. v. Handylab, Inc.*,

   2021 U.S. App. LEXIS 32391 (Fed. Cir. Oct. 29, 2021)............... 9, 15

*Qualcomm Inc. v. Apple Inc.*,

   2022 U.S. App. LEXIS 2836 (Fed. Cir. Feb. 1, 2022) ................. 9, 15

*Ruckus Wireless, Inc. v. Innovative Wireless Solutions, LLC*,

   824 F.3d 999 (Fed. Cir. 2016)........................................................... 22

*SAS Inst. v. ComplementSoft*,

   825 F.3d 1341 (Fed. Cir. 2016)......................................................... 24

*Service v. Dulles*,

   354 U.S. 363 (1957)........................................................................ 3, 9

*Skky, Inc. v. MindGeek, s.a.r.l.*,

   859 F.3d 1014 (Fed. Cir. 2017)......................................................... 14

*Sling TV, L.L.C. v. Uniloc 2017 LLC*,

   No. 2021-1651, 2022 U.S. App. LEXIS 2957 (Fed. Cir. Feb. 2, 2022) ............. 22

*Uber Techs., Inc. v. X One, Inc.*,

   799 F. App'x 868 (Fed. Cir. 2020) .................................................... 22

*UltimatePointer, L.L.C. v. Nintendo Co.*,

   816 F.3d 816 (Fed. Cir. 2016)........................................................... 22

*Wasica Fin. GmbH v. Cont'l Auto. Sys.*,

   853 F.3d 1272 (Fed. Cir. 2017)...................................................... 9, 13

iv

*Wastow Enters., LLC v. Truckmovers. Com, Inc.*,

   855 F. App'x 748 (Fed. Cir. 2021) ...................................................... 22

**Statutes**

35 U.S.C. § 312 ............................................................................. 12

**Regulations**

37 C.F.R. § 42.104 ...................................................................... 2, 9, 11

37 C.F.R. § 42.23 ...................................................................... 9, 16, 18

## STATEMENT OF RELATED CASES

There are no cases that could affect or be affected by this appeal.

## INTRODUCTION

Unified's Response brief contains several critical arguments and concessions that confirm that the Board's decision should be reversed.

***First***, Unified argues that "directionality and intra modes are two distinct concepts in the context of the '240 application," and are "not interchangeable." Red Br. 45. Yet when arguing unpatentability of limitation 1.1 of the original claims, Unified stated ***exactly the opposite***, and the Board's conclusion of unpatentability as to limitation 1.1 rests ***exclusively*** on the converse position that determining directionality and determining intra mode ***are interchangeable***. Appx29 (Board finding that Kalevo discloses limitation 1.1 based on the contentions in Unified's Petition, citing Appx99-103); Appx100 (Petition stating that "in the context of the '849 Patent, a POSITA would have understood that determining an intra mode for a neighboring block ***is satisfied by determining the directionality*** of the neighboring block.") (emphasis added) (citing Appx399-400); Appx100 ("Kalevo describes the same determination of the directionality (***i.e., intra mode***) of neighboring blocks.") (emphasis added); Appx101 (arguing Kalevo teaches limitation 1.1 because Kalevo "determine[s] the ***directionality***" of neighboring blocks, "which ***corresponds*** to determining ***an intra mode*** of the neighboring block.") (emphasis added); Appx1349 (Board acknowledging Unified's argument that "'determining an intra mode for a neighboring block' can

1

mean determining the directionality of the neighboring block."); Appx1350 ("determining an intra mode for a neighboring block is satisfied by determining the directionality of the neighboring block."). Because Unified's position vitiates the evidentiary basis for the Board's finding of unpatentability as to limitation 1.1, the Board's decision as to the original claims lacks substantial evidence and cannot be affirmed.

**Second**, Appellant's Opening Brief demonstrated in extensive detail that Unified's Petition never presented its "third theory" as to limitation 1.10 in the Petition. Indeed, Unified did not even cite to the Petition in presenting its "third theory" to the Board for the first time in its Reply. Blue Br. 29 (citing Appx3918-3919). Unified's Response Brief does not show otherwise and thus concedes (as it must) that its "third theory" as to limitation 1.10 was never set forth in the Petition's discussion of that limitation. That concession is fatal: Congress's enabling statute, the Board's regulations, Supreme Court precedent, and this Court's repeated precedents all preclude a finding of unpatentability during *inter partes* review based on a theory never presented in the petitioner's petition. 35 U.S.C. § 312(a)(3) (requiring petition to identify its theories of unpatentability as to each claim "with particularity"); 37 C.F.R. § 42.104(b)(4)-(5) (requiring petition to specify "where each element of the claim is found in the prior art patents or printed publications relied upon"); 37 C.F.R. § 42.23(b) (precluding new

2

unpatentability theories in petitioner's reply); *Service v. Dulles*, 354 U.S. 363, 388 (1957) ("[A]n agency is bound by its regulations."); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."); *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348, 1358 (2018) ("the petitioner's petition . . . is supposed to guide the life of the litigation"); *Id.* at 1355-56 (the petition is "the centerpiece of the proceeding both before and after institution."); *AMC Multi-Cinema, Inc. v. Fall Line Patents, LLC*, 2021 U.S. App. LEXIS 29547, at *19 (Fed. Cir. Sep. 30, 2021) (holding that this Court must distinguish "impermissible new argument or evidence from permissible reinforcement . . . of a point already made with the required support in the petition," and rejecting petitioner's attempt to use its reply to introduce "a change of legal argument, not fairly understood to have been adequately presented in the relevant section of the petition itself."). Because the Board does not have authority to rely upon unpatentability theories never presented in the Petition, Unified's arguments in support of the Board's conduct are simply irrelevant.

**Third**, Unified never explains how Kalevo's surjective mappings as shown in Kalevo's Figure 4 actually teach or suggest "***using*** . . . mathematical ***expressions***" as recited in limitations 1.8-1.10. Unified's silence on that point is once again dispositive. Whereas the claims require making various determinations by ***using*** mathematical ***expressions***, Unified's evidence at best shows that Kalevo

teaches or suggests "using mathematical ***concepts***" and "using conversion rules that could have been ***written as*** mathematical expressions." That is not evidence of ***using mathematical expressions***, and the Board's decision thus lacks substantial evidence to support its conclusion of unpatentability as to limitations 1.8-1.10.

Accordingly, the Board's decision of unpatentability should be reversed.

## I.    The Board's decision of unpatentability lacks substantial evidence in view of Unified's position as to limitation 1.1

Unified's Response Brief asserts that "directionality and intra modes are two distinct concepts in the context of the '240 application," and are "not interchangeable." Red Br. 45.

The Board's finding of unpatentability as to limitation 1.1, however, rested on the ***exact opposite position***. In particular, the Board's Final Written Decision found limitation 1.1 unpatentable based entirely on the arguments set forth in Unified's Petition, without further discussion. Appx29 (stating "we adopt Petitioner's contentions . . . as our own.") (citing Appx99-103). Unified's Petition, in turn, exclusively and repeatedly argued that Kalevo teaches limitation 1.1 because Kalevo "determine[s] the ***directionality***" of neighboring blocks, "which ***corresponds*** to determining ***an intra mode*** of the neighboring block." Appx101 (emphasis added). The Petition likewise stated that "in the context of the '849 Patent, a POSITA would have understood that determining an intra mode for a neighboring block ***is satisfied by determining the directionality*** of the neighboring

block." Appx100 (citing Appx399-400). And the Petition further stated that "Kalevo describes the same determination of the directionality (*i.e., intra mode*) of neighboring blocks." Appx100.

Consistent with Unified's contentions, the Board's Institution Decision acknowledged that "Petitioner asserts the Specification of the '849 Patent supports its contention that 'determining an intra mode for a neighboring block' can mean determining the directionality of the neighboring block." Appx1349. And as the Board further recognized, "in the context of the '849 Patent, Petitioner argues that a person of ordinary skill 'would have understood that determining an intra mode for a neighboring block *is satisfied by* determining the directionality of the neighboring block.'" Appx1350 (quoting Appx100) (emphasis added). The Board further added: "Petitioner argues that Kalevo describes *the same* determination of the directionality (*i.e., intra mode*) of neighboring blocks *as in the '849 patent*." Appx1350 (emphasis added). "Thus, according to Petitioner, Kalevo examines the adjacent blocks to determine *the directionality* used to predict those blocks, which *corresponds to determining an intra mode* of the neighboring block." Appx1350 (emphasis added).

By resting its Final Written Decision on Unified's contentions regarding limitation 1.1 and Kalevo, Appx29, the Board thus grounded its decision on the premise that Kalevo discloses limitation 1.1 *because* Kalevo allegedly *teaches*

5

determining the ***directionality*** of a neighboring block, and therefore ***teaches*** determining an intra mode, ***in the same manner*** as the '849 Patent. *See, e.g.,* Appx100 ("in the context of the '849 Patent, a POSITA would have understood that *determining an intra mode for a neighboring block* is satisfied by determining the directionality of the neighboring block. Kalevo describes the same determination of directionality (i.e., intra mode) of neighboring blocks.") (emphasis Petition's); Appx1350 ("Petitioner argues that Kalevo describes the same determination of the directionality (i.e., intra mode) of neighboring blocks as in the '849 Patent.").

Contrary to Unified's new argument on appeal, the Board did ***not*** find, and Unified did ***not*** argue below, that limitation 1.1 was only obvious in view of—but not directly met by—Kalevo's teaching regarding determining a directionality and the corresponding teaching of the '849 Patent. *See* Red Br. 49-50 (contending that "Unified's arguments simply track the distinction between obviousness and written description," and that Unified merely argued that limitation 1.1 "would have been obvious based on [the] closely related concept[ ]" of determining a directionality). Rather, Unified argued that "Kalevo describes the ***same*** determination of the directionality (i.e., intra mode) of neighboring blocks ***as in the '849 Patent***," Appx1350 (emphasis added), Appx100, and that that "***same***" determination of directionality "***corresponds to***" and "***satisfie[s]***" limitation 1.1. Appx100-101,

6

Appx1350 (emphasis added). Unified's theory as to limitation 1.1 thus did not argue that "determining a directionality" was merely closely related but distinct from "determining an intra mode," as Unified now contends on appeal—Unified instead argued that in the context of the '849 Patent the two concepts are "the same," "correspond[ ] to" each other, and that the former "satisfie[s]" the latter. Appx100-101.

However, given Unified's directly contrary and binding statement to this Court that "directionality and intra modes are two distinct concepts in the context of the '240 application," and are "not interchangeable," Red Br. 45, the Board's decision as to limitation 1.1 necessarily lacks substantial evidence. Simply put, Unified's statement before this Court eliminates the only evidentiary basis underlying the Board's unpatentability finding as to limitation 1.1.

Indeed, as Unified itself shows in its Response Brief, Unified contradicted itself before the Board as well, stating post-institution that "directionality, and intra mode, *are not the same*," and that a directionality determination does not constitute an "intra mode determination." Red Br. 61 (quoting Appx4556) (emphasis added). Those statements render the Board's decision as to limitation 1.1 arbitrary and capricious, and entirely unsalvageable, as a matter of law. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("an agency rule would be arbitrary and capricious if the agency . . . offered an

explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."); *Kan. City v. Dep't of Hous. & Urban Dev*, 923 F.2d 188, 194 (D.C. Cir. 1991) ("Agency action based on a factual premise that is flatly contradicted by the agency's own record does not constitute reasoned administrative decision-making, and cannot survive review under the arbitrary and capricious standard.").

Moreover, Unified's diametrically opposing positions infected the Board's decision, causing the Board to find that determining a directionality both ***does***, Appx29, and ***does not***, Appx42, Appx50, satisfy determining an intra mode. The Board's decision thus cannot stand. *ANR Storage Co. v. FERC*, 904 F.3d 1020, 1028 (D.C. Cir. 2018) ("Because FERC's decision is internally inconsistent, it is arbitrary and capricious."); *IBG LLC v. Trading Techs. Int'l, Inc.*, 757 F. App'x 1004, 1008 (Fed. Cir. 2019) ("We conclude that the Board's reasoning with regard to the '132 and '304 patents is internally inconsistent and therefore arbitrary and capricious.").

Because the Board's decision as to limitation 1.1 lacks substantial evidence and is arbitrary and capricious, the Board's finding of unpatentability as to all challenged claims must be reversed.

**II.    The Board's decision constitutes an abuse of discretion because it relies on a theory of unpatentability never set forth in the Petition**

As demonstrated in Appellant's Opening Brief, the Board lacks discretion as a matter of law to permit and rely upon a new theory of unpatentability that was never presented in the Petition, ***even if*** the new theory is "responsive" to arguments made by the patent owner post-institution. Blue Br. 15-16, 20-25 (citing and discussing 35 U.S.C. § 312(a)(3); 37 C.F.R. § 42.104(b)(4)-(5); 37 C.F.R. § 42.23(b); *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348, 1358 (2018); *Service v. Dulles*, 354 U.S. 363, 388 (1957); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974); *Wasica Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272, 1286-87 (Fed. Cir. 2017); *AMC Multi-Cinema, Inc. v. Fall Line Patents, LLC*, 2021 U.S. App. LEXIS 29547, at *19 (Fed. Cir. Sep. 30, 2021); *Dell Inc. v. Acceleron, LLC*, 884 F.3d 1364, 1369 (Fed. Cir. 2018); *Henny Penny Corp. v. Frymaster LLC*, 938 F.3d 1324, 1331 (Fed. Cir. 2019); *Qualcomm Inc. v. Apple Inc.*, 2022 U.S. App. LEXIS 2836 (Fed. Cir. Feb. 1, 2022); *Qiagen N. Am. Holdings, Inc. v. Handylab, Inc.*, 2021 U.S. App. LEXIS 32391, at *10-12 (Fed. Cir. Oct. 29, 2021); *Acceleration Bay, LLC v. Activision Blizzard, Inc.*, 908 F.3d 765, 775 (Fed. Cir. 2018); *Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1369 (Fed. Cir. 2016); *Kingston Tech. Co. v. SPEX Techs., Inc.*, 798 F. App'x 629, 635 (Fed. Cir. 2020).

Unified's Response Brief entirely ignores and fails to address Appellant's position, the extensive legal authorities Appellant relies upon, and Appellant's detailed explanation as to that foundational rule of law.

Moreover, Appellant's Opening Brief demonstrated in extensive detail that Unified's Petition never presented its "third theory" as to limitation 1.10 in the Petition. Blue Br. 25-33. Unified's Response Brief does not dispute that showing, and makes no attempt to demonstrate that its "third theory" *as to limitation 1.10* was set forth in the Petition. Unified thus concedes (as it must) that it was not.

Accordingly, the Board's decision should be reversed because it rests on a theory of unpatentability never presented in the Petition, which the Board may not rely upon as a matter of law.

Each of Unified's arguments on this issue is irrelevant and unavailing because each argument ignores and fails to contradict the above realities. Nonetheless, each argument is addressed and refuted below.

***First***, Unified contends that even though the Petition did not expressly disclose Unified's "third theory" regarding limitation 1.10, the Petition effectively disclosed that theory because other aspects of the theory were disclosed as to limitations 1.8 and 1.9 and the theory as to limitation 1.10 "is not complicated." Red Br. 29-30. That argument is without merit.

As a threshold matter, Unified's argument does not support, and instead abandons, the Board's basis for relying on Unified's third theory as to limitation 1.10. *See* Appx25-26. In particular, the Board reasoned that because the Petition "explain[s] how classes C1-C6 are not the same in that they involve different underlying rules," Unified's third theory regarding limitation 1.10 was not "a new issue or argument." Appx25. Appellant's Opening Brief demonstrated that the Board's reasoning did not support its conclusion. Blue Br. 31-34. Unified does not dispute that showing, and thus concedes that the Board's basis for allowing Unified's third theory as to limitation 1.10 was erroneous.

Moreover, Unified's argument rests on the premise that the Petition adequately discloses a theory that it does not actually present so long as that theory could have been envisaged from reading other passages of the Petition. The governing law is otherwise. 35 U.S.C. § 312(a)(3) (requiring petition to identify its theories of unpatentability as to each claim "with particularity"); 37 C.F.R. § 42.104(b)(4)-(5) (requiring petition to specify "where each element of the claim is found in the prior art patents or printed publications relied upon"); *Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1369 (Fed. Cir. 2016) (it is "of the utmost importance that petitioners in IPR proceedings adhere to the requirement that the initial petition identify 'with particularity' the 'evidence that

supports the grounds for the challenge to each claim.'") (quoting 35 U.S.C. §

312(a)(3)).

Unified's citation to *Everstar Merch. Co. v. Willis Elec. Co.*, 2022 U.S. App.

LEXIS 9716 (Fed. Cir. April 12, 2022), Red Br. 30, is especially inapposite. There,

this Court flatly stated: "A petitioner may not assert an 'entirely new rationale' in a

post-institution reply." *Id.* at \*7. This Court further stated that a petitioner's reply

may instead "expand on a previously argued rationale" where it "cites ***no new***

***evidence***." *Id.* at \*8 (emphasis added). Here, Unified relied on an entirely new

rationale in its post-institution reply, and cited to ***extensive*** new evidence in

support, which the Board relied upon; Unified did not simply elaborate on previous

arguments set forth with particularity in the Petition, as *Everstar* permits.

Appx3044-3077 (presenting tens of pages of new testimony regarding Unified's

"third theory."); Appx2 ("Petitioner supports the Reply with the Second

Declaration of Dr. Immanuel Friedman (Ex. 1021)."); *see* Appx19, Appx22,

Appx24, Appx26 ((Board relying on Dr. Friedman's Second Declaration). *Everstar*

*Merch.* thus further supports reversal, not affirmance.

***Second***, Unified argues that its reply arguments were allegedly "responsive

to Appellant's claim-construction positions," and thus were necessarily proper.

Red Br. 19, 30-31. Unified is incorrect. As this Court has held, even when a ***new***

theory of unpatentability is "responsive" to patent owner's arguments, it is

improper and impermissible. *Wasica Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272, 1286-87 (Fed. Cir. 2017). Thus in *Wasica*, the petitioner's petition had first relied on Oselin's common working frequency embodiment to allege obviousness of claim 6, but petitioner's reply had sought to pivot to "a different passage of Oselin" and a new modification theory in response to patent owner's response. *Id*. This Court rejected that approach as "foreclosed by statute, our precedent, and Board guidelines." *Id.* ("Rather than explaining how its original petition was correct, Continental's subsequent arguments amount to an entirely new theory of *prima facie* obviousness absent from the petition. Shifting arguments in this fashion is foreclosed by statute, our precedent, and Board guidelines."). Stated otherwise, this Court rejected Continental's post-institution arguments—even though they were clearly "responsive" to patent owner's arguments—because Continental's arguments presented a new obviousness theory not set forth in the petition. Appellant presented *Wasica* in support of this very point in the Opening Brief. Blue Br. 16, 24. Unified does not address that binding precedent.

Instead, Unified cites to three cases in support of its position that a petitioner may present ***new*** post-institution argument and evidence so long as it is "responsive" to patent owner's argument and evidence. Red Br. 31. But Unified's cases contain no such holding; to the contrary, in each case this Court found that the argument at issue ***was disclosed in the petition***, and was ***not new***. Red Br. 31;

*Apple Inc. v. Andrea Elecs. Corp.*, 949 F.3d 697, 706 (Fed. Cir. 2020) (holding that Apple's reply did not "cite any new evidence or 'unidentified portions' of the Martin reference'" and did not present "a new theory of unpatentability"); *Skky, Inc. v. MindGeek, s.a.r.l.*, 859 F.3d 1014, 1018, 1023 (Fed. Cir. 2017) (where petitioner's reply argued that the invalidity theory ***presented in its petition*** continued to demonstrate unpatentability despite the Board's contrary claim construction, petitioner did not present an improper new theory); *Chamberlain Group, Inc. v. One World Techs., Inc.*, 944 F.3d 919, 925 (Fed. Cir. 2019) (finding that Chamberlain did not "introduce new issues or evidence here").

Moreover, Unified's attempt to justify the Board's reliance on its new argument and evidence as responsive to Appellant's proposed claim constructions is especially meritless. The Board's decision found that addressing Appellant's claim constructions was not "necessary for this Final Written Decision." Appx11. It thus makes no sense for the Board to rely upon Unified's "third theory" on the basis that it was "responsive" to claim construction positions the Board never addressed and deemed unnecessary to its ultimate decision. Appx11.

***Third***, Unified argues its new reply theory was proper because Appellant allegedly had notice and an opportunity to respond. Red Br. 23, 31-34. Unified's assertion is legally incorrect. While notice and an opportunity to respond are *necessary* prerequisites under principles of due process, *Belden Inc. v. Berk-Tek*

14

*LLC*, 805 F.3d 1064, 1080 (Fed. Cir. 2015), they are not *sufficient* to justify and permit new reply theories of unpatentability never presented in the Petition. This Court has thus consistently delineated between reply arguments that merely reinforce and elaborate upon an existing theory made (with adequate evidentiary support) in the petition (which are permissible), as opposed to new unpatentability theories and evidence presented for the first time post-institution (which are forbidden). *See, e.g., AMC Multi-Cinema, Inc. v. Fall Line Patents, LLC*, 2021 U.S. App. LEXIS 29547, at *19 (Fed. Cir. Sep. 30, 2021); *Henny Penny Corp. v. Frymaster LLC*, 938 F.3d 1324, 1331 (Fed. Cir. 2019); *Qualcomm Inc. v. Apple Inc.*, 2022 U.S. App. LEXIS 2836, at * 19 (Fed. Cir. Feb. 1, 2022); *MModal LLC v. Nuance Communs., Inc.*, 846 F. App'x 900, 907 (Fed. Cir. 2021); *Qiagen N. Am. Holdings, Inc. v. Handylab, Inc.,* 2021 U.S. App. LEXIS 32391, at *10-12 (Fed. Cir. Oct. 29, 2021); *Acceleration Bay, LLC v. Activision Blizzard, Inc.*, 908 F.3d 765, 775 (Fed. Cir. 2018); *Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1369 (Fed. Cir. 2016).

Unified's heavy reliance on *Belden* is misplaced. There, the evidence and argument at issue were "not needed for a prima facie case of obviousness," 805 F.3d at 1080, and "the prima facie case did not depend on that evidence." *Id.* at 1082. *Belden* did not hold that the Board may rest its decision of unpatentability on a new theory and extensive new expert testimony presented for the first time in

petitioner's reply so long as there was notice and an opportunity to respond. As shown above and in the Opening Brief, numerous precedents from this Court have held directly otherwise.

**Fourth**, Unified argues that Appellant waived its objection to the untimeliness of Unified's "third theory" as to limitation 1.10 because Appellant substantively responded to Unified's new theory. *See e.g.,* Red Br. 19, 23-24, 30, 33. That argument is entirely without merit. As Unified's own quotations from the record show, Appellant repeatedly preserved its objection that Unified's new theory "was not sufficiently raised" with the requisite "particularity" in the petition, Appx4570, and "should not be considered" on that basis. Appx4541. The fact that Appellant also addressed Unified's new argument substantively, and "fully briefed" the issue, did not waive or moot Appellant's consistent objection that the theory was improper.

**Fifth**, Unified claims Appellant was not prejudiced, including because it did not seek permission to submit new evidence from its expert or take a further deposition of Unified's expert. Red Br. 32-33. Unified is mistaken. As Appellant explained in its Opening Brief, the Board's rules preclude a patent owner from presenting new expert testimony in the sur-reply. Blue Br. 34 (citing 37 C.F.R. § 42.23(b)). Experienced *inter partes* review counsel are aware that the Board strictly enforces that limitation. Appellant had no obligation to ask the Board for an

exception to a rule that Appellant knew the Board strictly maintains. Appellant likewise had no obligation to give Unified's expert a further opportunity to elaborate on his new theory through a second deposition. Moreover, neither permission to submit new expert testimony from its expert nor a further deposition of Unified's expert would be sufficient to cure the prejudice from Unified's new post-institution theory. Had Unified presented its theory in the Petition, Appellant would have had an opportunity to challenge its merits at the institution stage, and at a minimum seek the Board's views on the issue through the Board's institution decision. Appellant could have then tailored its arguments and evidence on that theory in response to the Board's institution decision. Appellant did not have that opportunity, and could not have sought it from the Board.

***Sixth***, Unified appears to vaguely argue that Appellant did not properly object to Unified's new theory because Appellant did not file a motion to strike, and instead raised its objections in its sur-reply. Red Br. 32-33. The Board, however, found no such fault with Appellant's objection, and instead addressed it substantively. Appx24-26. And Unified did not raise such a criticism before the Board below. There is no serious dispute that Appellant's objection was properly raised and preserved.

Accordingly, the Board's decision should be reversed because it rests on an improper new theory that the Board did not have authority to allow. Moreover,

contrary to Unified's request, there is no basis for a remand as to Unified's other two theories, which the Board thoroughly considered but declined to accept. Blue Br. 35, 25-27. Indeed, Unified's reply did not substantively address Appellant's extensive rebuttal of Unified's first and second theories, and Unified thus conceded those theories under the Board's regulations. Blue Br. 26, 37 C.F.R. § 42.23(a).

## III.    Unified identifies no substantial evidence to support the Board's finding that Kalevo teaches or suggests "*using . . . mathematical expressions*"

In its Opening Brief, Appellant demonstrated that the record does not contain evidence from which the Board could have concluded that Kalevo teaches or suggests "using . . . mathematical expressions" as recited in limitations 1.8-1.10 under the "substantial evidence" standard of review. Blue Br. 35-42. In particular, Appellant explained that there is no evidence that Kalevo teaches or suggests *using* any mathematical *expressions* to perform its conversions. Blue Br. 37-43. Instead, Kalevo plainly discloses the use of a straightforward conversion map, as illustrated in its Figure 4. *Id.* Moreover, Appellant demonstrated that the Board could not reasonably conclude, based on the evidence of record, that Kalevo's surjective mappings "fairly suggest" the ***use*** of mathematical expressions or functions. *Id.* at 39-42. Rather, even if Kalevo's surjective mappings ***can be expressed*** as mathematical functions, represent "mathematical relationships," and represent a "known concept in discrete mathematics," that is not evidence to support the conclusion that Kalevo teaches or suggests "using . . . mathematical expressions."

*Id.* The claims are not satisfied by "using mathematical *concepts*" or "using conversion rules that could have been written as mathematical expressions."

Unified's Response does not show otherwise. Instead, Unified simply reiterates irrelevant arguments already refuted in Appellant's Opening Brief.

***First***, Unified argues that surjective mapping is a concept known in mathematics, that Kalevo uses surjective mapping, therefore Kalevo uses a mathematical ***expression***. Red Br. 36-37. That logic is false. Using a ***concept*** known in mathematics is not equivalent to using a mathematical ***expression***. For instance, measurement is a concept known in mathematics, but using a ruler is not using a mathematical expression. The facts of this case are particularly illustrative: even if "surjective mapping" is a "concept known in mathematics," it is plainly obvious that using Kalevo's Figure 4 surjective mapping does not constitute (or suggest) using any mathematical expressions.

***Second***, Unified argues that Kalevo's Figure 4 *can be* represented as a mathematical expression, and that its expert wrote an equation to that effect. Red Br. 37-38. That argument likewise provides no substantial evidence that Kalevo's Figure 4 teaches or suggests "using . . . mathematical expressions," as extensively shown in Appellant's Opening Brief. Blue Br. 37-43. There is no evidence (or even argument) that a POSA *would have been motivated* to modify Kalevo's Figure 4 conversion mappings into mathematical expressions and use those mathematical

expressions in a manner that would have met the challenged claims with a reasonable expectation of success. And the Board made no such finding. Mere evidence that Kalevo's Figure 4 mappings *could be* represented as mathematical expressions does not meet the challenged claims.

Unified's attempts to marginalize Appellant's arguments and case law are likewise unavailing. Unified contends that the examples of conversion mappings of last names, test scores, and credit scores presented in the Opening Brief should not be considered because they are allegedly not tied to functioning systems. Red Br. 39-40. That is incorrect. The examples demonstrate that surjective mappings that represent a series of variables connected by an arrow to a desired conversion, and that *can be* expressed mathematically, nonetheless do ***not*** constitute mathematical expressions nor fairly suggest the use of any mathematical expressions. Thus, Unified's evidence and arguments cannot support the Board's conclusion. Unified likewise fails to grapple with the import of the cases Appellant raised its Opening Brief. *Compare* Red Br. 40 (attempting to distinguish Appellant's cases as limited to their particular facts without any discussion) *with* Blue Br. 35-37. Appellant's cited cases illustrate numerous instances in which the Board relied upon *some* evidence in support of its conclusion of unpatentability, but this Court found that evidence *inadequate* to support the conclusion that the specific requirements of the claim limitation at issue were met. Those cases are instructive here: while the

Board's decision relies on evidence, it does not rely on sufficient evidence to reasonably support the conclusion that Kalevo teaches or suggests "using . . . mathematical expressions" as recited in limitations 1.8-1.10. The Board's decision thus lacks substantial evidence, and must be reversed.

## IV.    The Board's decision as to the proposed amended claims cannot stand

To the extent this Court reaches the issue, it should vacate the Board's decision that the proposed amended claims lack written description support as to limitation 19.1, which is identical to limitation 1.1 of the original claims.

As a threshold matter, the Board's decision in that regard rests on the exact opposite reasoning as its conclusion of unpatentability as to limitation 1.1. Section I, *supra.* To the extent this Court accepts the Board's decision as to limitation 1.1 (which it should not), it cannot also accept the Board's directly opposite decision as to the same limitation in the context of the amended claims. Blue Br. 48-49.

Moreover, Unified's Response concedes that the Board's decision as to limitation 19.1 rests on an interpretation that excludes the preferred embodiment of Equation 2 and the patent's ***title*** from the scope of all ***issued*** claims. Red Br. 50-51. Unified makes no attempt to show why excluding the patent's preferred and titular embodiment is correct here, particularly in view of this Court's extensive case law to the contrary. *Medrad, Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 1320 (Fed. Cir. 2005) (holding that interpretation that excludes preferred embodiment from all

21

claims is "rarely, if ever, correct") (quoting *Johns Hopkins Univ. v. CellPro*, 152

F.3d 1342, 1355 (Fed. Cir. 1998)); *Sling TV, L.L.C. v. Uniloc 2017 LLC*, No. 2021-

1651, 2022 U.S. App. LEXIS 2957, at \*7-8 (Fed. Cir. Feb. 2, 2022) ("Because the

Board's claim construction excludes a preferred embodiment and is inconsistent

with the specification's description of the invention, it is incorrect."); *Uber Techs.,

Inc. v. X One, Inc.*, 799 F. App'x 868, 874 (Fed. Cir. 2020) ("A claim construction

that does not encompass a disclosed embodiment is rarely, if ever, correct.");

*Wastow Enters., LLC v. Truckmovers. Com, Inc.*, 855 F. App'x 748, 751 (Fed. Cir.

2021) ("The patent's title—'Universal Folding Boom Trailer'—also indicates that

a relevant artisan would understand that the claims require a universal folding

boom trailer."); *Ruckus Wireless, Inc. v. Innovative Wireless Solutions, LLC*, 824

F.3d 999, 1003 n. 2 (Fed. Cir. 2016) ("We have used the title of a patent to aid in

claim construction."); *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553,

1557 (Fed. Cir. 1995); *UltimatePointer, L.L.C. v. Nintendo Co.*, 816 F.3d 816, 823

(Fed. Cir. 2016).

Moreover, Unified fails to provide any reason supporting the Board's refusal

to substantively consider Appellant's prosecution history evidence. Unified states:

"Ideahub's prosecution history argument is unavailing for precisely the reason the

Board noted: that rejection being overcome was an indefiniteness rejection—not an

issue of written description." Red Br. 51. Simply repeating the Board's conclusory

and unreasoned statement, however, does nothing to make it more persuasive. As Appellant stated in its Opening Brief, "[t]hat conclusory statement [ ] fails to provide any reason why essentially *identical* claim language in two related patents should be interpreted in direct conflict with the patentee's prosecution statements, and so as to exclude a preferred embodiment that the patentee relied upon in support of that claim language." Blue Br. 51. Unified does not fill that void because it has nothing meaningful to say.

Unified also fails to rebut Appellant's showing that the specification did not need to specifically teach "determining an intra mode for a neighboring block" in light of Unified's repeated assertion that the limitation was "well-known" in the prior art. Blue Br. 52-55. That argument was not waived below; Appellant simply had no notice that the Board would abruptly change its prior position from its Institution Decision and its Preliminary Guidance on the issue. Blue Br. 56. Nor did Appellant "misunderstand" the law it cited. Appellant explained why the disclosure that exists in the '849 Patent's specification, combined with Unified's admission as to what was "well-known" in the art, obviates any need for further specific teachings as to limitation 1.1/19.1. Blue Br. 53-55. Appellant's argument was thus consistent with the purportedly distinguishing cases Unified cites. *See* Red Br. 52-53.

Finally, Unified mistakenly argues that the Board's change in position in an *inter partes* review proceeding cannot violate patent owner's due process rights if the Board's earlier position was non-binding. Red Br. 56-63. This Court has held exactly otherwise. For instance, in *Baker Hughes Oilfield Operations, LLC v. Hirshfeld*, No. 2020-1932, 2021 U.S. App. LEXIS 27816, at *4-8 (Fed. Cir. Sep. 16, 2021), the Board's institution decision stated it would not rely on the petition's third ground because that ground was deficient. The Board's final written decision then relied on the petition's third ground to find unpatentability. Although the statement in the Board's institution decision was ***non-binding*** (as with all institution decisions), this Court nonetheless found that the Board's conduct violated the APA and patent owner's due process rights. And in *SAS Inst. v. ComplementSoft*, 825 F.3d 1341, 1351-52 (Fed. Cir. 2016), this Court held that because the Board changed its claim construction position from its institution decision to the final written decision, it violated petitioner's due process rights.

Here, if Appellant had a genuine basis to believe the Board may change its position as to written description support for limitation 1.1/19.1, Appellant would certainly have informed the Board that such a shift would nullify any possibility of finding unpatentability as to limitation 1.1 under the Petition's theory, and would have additionally proposed amended claims reciting "determining a ***directionality*** of a neighboring block of a current block," which is indisputably disclosed in the

specification. The fact that Appellant did not take those steps demonstrates that Appellant did not have notice of any genuine possibility that the Board would diametrically change its position on that issue. It is not evidence of a failure on Appellant's part, as Unified seeks to argue. Red Br. 62-63. Appellant was prejudiced, Blue Br. 56-57, and the Board's finding as to lack of written description support for limitation 1.1/19.1 should at a minimum be vacated and remanded on that basis.

## CONCLUSION

For the reasons above, the Court should reverse the Board's conclusion of obviousness as to all challenged claims of the '849 patent and the Board's finding that the proposed amended claims lack written description support. At a minimum, this Court should vacate the Board's finding that the amended claims lack written description support.

Respectfully submitted,

*/s/ Kayvan B. Noroozi*
Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Blvd., Ste. 2170
Los Angeles, CA 90025
Telephone: (310) 975-7074
Facsimile: (844) 975-7074

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, a true and correct copy of the foregoing was timely filed with the Clerk of the Court using the appellate CM/ECF system, which will send notifications to all counsel registered to receive electronic notices.

*/s/ Kayvan Noroozi*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(f) and the Rules of this Court, because it contains 5,686 words (as determined by the Microsoft Word for Mac 2020 word-processing system used to prepare the brief), excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) and the Rules of this Court because it has been prepared in a proportionally spaced typeface using the Microsoft Word for Mac 2020 word-processing system in 14-point Roman font.

*/s/ Kayvan Noroozi*